# EXHIBIT ZZ

## OPTION TO PURCHASE REAL PROPERTY

This OPTION TO PURCHASE REAL PROPERTY (the "Agreement") is made and entered into this ___ day of May, 2013 by and between **TOWER PARK PROPERTIES, LLC**, a California limited liability company ("TPP" or "Optionor") and **BEVERLY HILLS REAL ESTATE HOLDINGS, LLC**, a California limited liability company and nominee ("BH Real Estate" or "Optionee"), with regard to the following facts:

### RECITALS

A.    TPP is the owner in fee simple of the real property described as 1652 North Tower Grove Drive, Los Angeles, California 90210 as described on Exhibit A hereto (the "Subject Property"), which property consists of approximately 157 acres, to be developed as luxury home sites;

B.    On or about July 11, 2008, TPP filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") which commenced Case No. 08-202980-BR (the "Bankruptcy Case"). At the commencement of the Bankruptcy Case, all property to which TPP had title was vested in the bankruptcy estate (the "TPP Estate").

On April 1, 2010, the Bankruptcy Court confirmed TPP's plan of reorganization, pursuant to which TPP successfully emerged from bankruptcy as a reorganized entity.
On or about March 17, 2011, TPP executed a promissory note in favor of Secured Capital Partners, LLC ("SCP") in the face amount of $4,000,000.00 ("2011 Note") to memorialize a loan from SCP in said amount. The entire balance of the 2011 Note became due and payable on December 15, 2011. TPP failed to repay the 2011 Note when due and the 2011 Note is now in default, thereby allowing SCP to pursue its enforcement remedies against TPP and the Subject Property.

C.    On or about May 2, 2012, TPP executed a promissory note in favor of SCP in the face amount of $4,000,000.00 ("2012 Note") to memorialize a loan from SCP in said amount. The entire balance of the 2012 Note, including the principal and accrued interest, becomes due and payable on September 15, 2014. Based on certain defaults with respect to the 2012 Note, SCP has declared a default and accelerated the payment obligations thereunder. SCP asserts that it may now pursue its enforcement remedies against TPP and the Subject Property.

D.    On or about October 11 2012, TPP and SCP executed an amendment (the "2012 Amendment") to the 2012 Note whereby SCP loaned TPP an additional $2,000,000.00 under the same terms as the 2012 Note. Based on certain defaults with respect to the 2012 Note, which is the basis for the 2012 Amendment, SCP has declared a default and accelerated the payment obligations thereunder. SCP asserts that it may now pursue its enforcement remedies against TPP and the Subject Property.

E.    On or about January 4, 2013, TPP executed a promissory note in favor of SCP in the face amount of $5,000,000.00 ("2013 Note") to memorialize a loan from SCP in said amount. The entire balance of the 2013 Note, including the principal and accrued interest, became due and payable on February 22, 2013. TPP failed to repay the 2013 Note when due and the 2013 Note is now in default, thereby allowing SCP to pursue its enforcement remedies against TPP and the Subject Property.

{00265343}1

TPP_PROD_011099
Exhibit ZZ
680

F.    The 2011 Note, 2012 Note, 2012 Amendment, and the 2013 Note are hereinafter collectively referred to as the "Loan Documents."

## AGREEMENT

In consideration of the sums paid as set forth in the Recitals, the mutual promises and covenants hereinafter set forth, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1.    All of the Recitals above are true and correct, and incorporated by reference as if set forth as part of this Agreement.

2.    Optionor grants unto Optionee the exclusive option and right to purchase the Subject Property (the "Option"), upon full performance of the terms and conditions set forth in this Agreement.

3.    The Option is given for good and valuable consideration, including the forbearance granted to Optionor with regard to the 2011 Note, the 2012 Note and the 2013 Note, and in consideration of the further funding required by Optionor for the Subject Property, in the sum of Four Million Dollars ($4,000,000.00), which additional funding is due and payable (the "Option Consideration"). Optionor advised Optionee that Optionor has no other source of obtaining such additional funds, which are required for the development of the Subject Property.

4.    Optionor shall disburse the Option Consideration under the following terms and conditions:

   a.    $400,000 paid to vendors and real property taxes for the Subject Property during April 2013 (which payments were required to avoid default of the senior secured debt and likely foreclosure of the Subject Property).

   b.    $2,700,000.00 of the Option Consideration shall be used to pay the claims of outside vendors who have provided labor, goods and/or services to the Subject Property.

   c.    $900,000.00 of the Option Consideration shall be retained by TPP to resolve claims against the TPP Estate in the Bankruptcy Case and, to the extent that claims are resolved for an amount less than $900,000.00, the balance may be distributed to the members in accordance with their membership interests in TPP.

5.    The term of this Option shall begin upon full execution of this Agreement, and expire on June 30, 2017 ("Expiration Date"). This Option is fully assignable at the sole discretion of Optionee. Optionor agrees to execute all documents reasonably requested by Optionee in connection with the Option.

6.    Upon ten (10) days written notice to Optionor, Optionee shall have the unqualified right, at any time prior to the Expiration Date, to exercise the Option upon performance of each and every one of the following terms and conditions:

   a.    Satisfaction (whether through payment, assumption or other agreement) of the debt on the Subject Property in existence as of the date that Optionor exercises the Option under this Agreement; and

    

{00265343}2

  b. Optionee is not in default on this Agreement, beyond any notice and cure period.

7. All documents necessary for transfer of title to the Subject Property, including but not limited to a grant deed, shall be executed and held by Optionee. Optionor shall forthwith execute a grant deed in favor of Optionee, in form substantially similar to Exhibit C hereto to secure performance of this Agreement. Said grant deed shall be held by Optionee, and no use may be made of said deed pending close of Option transaction. Optionee has been advised and understands that the issuance and recordation of the grant deed is a default under the senior loan documents. Optionee shall use best efforts to avoid causing such default and shall maintain the grant deed in trust until such time as the Option is exercised.

8. Optionor shall maintain hazard and liability insurance upon the property. In the event of destruction in whole or in part of the property, Optionee, in its sole discretion may declare this Agreement null and void, thereby releasing both parties from any obligations hereunder.

9. As a material term of this Agreement, Optionor agrees to not allow any new liens, judgments, debt, or refinancing to attach as liens on the Subject Property. Optionor shall hold harmless, defend and indemnify Optionee against any claim, demand, loss or expense relating to any lien, claim or demand other than those disclosed in writing in this Agreement, and shall, upon ten (10) days written notice from Optionee, pay such sums as may be required to discharge and release all such liens. Optionee shall be entitled to reasonable choice of counsel, and to proceed to defend or assert any claim in its sole discretion.

10. If Optionor defaults under any security instrument encumbering the Subject Property, irrespective of the secured party, Optionee at Optionee's discretion has the right to cure said default. In the event that Optionee cures said default, Optionee shall be entitled to receive ten percent (10%) per annum interest, or alternatively the highest rate provided by law, on all amounts expended to cure such default. Optionor agrees to execute a note and mortgage and any other documents reasonably requested by Optionee, for amounts paid to cure default, and such note and mortgage shall relate back to the prior Loan Documents to the extent permitted by law.

11. Miscellaneous.

  a. Notices. All notices or other communications required or provided to be sent by either party shall be in writing and shall be by: (a) personal delivery; (b) depositing in the United States mail, postage prepaid, certified mail return receipt requested, addressed to the party at the address shown beside its signature hereinafter or at such other address or addresses as the parties may from time to time specify in writing, or (c) a nationally recognized next day delivery service, including, but not limited to, the United States Post Office Express Mail and Federal Express, that have a package tracking system to confirm delivery and receipt of Notices. All Notices shall be sent to the address set forth below each party's signature hereon. All notices shall be deemed given when personally delivered or, if mailed as provided for herein, on the third day after the day of mailing, and if sent by next day delivery service, 24 hours after the time of dispatch. Any party may change its address for the receipt of Notices at any time by giving written notice thereof to the other party in accordance with the terms of this Section. The inability to deliver notice because of a changed address of which notice was not given, or rejection or other refusal to accept any notice, shall be deemed to be the effective receipt of the notice as of the date of such inability to delivery or rejection or refusal to accept. Any notice to be given by any party

{00265343}3

herein may be given by counsel for such Party.

b.    **Modification of Agreement.** No modification of this Agreement shall be deemed effective unless in writing and signed by all of the parties hereto, and any waiver granted shall not be deemed effective except for the instance and in the circumstances particularly specified therein and unless in writing and executed by the party against whom enforcement of the waiver is sought.

c.    **Further Instruments.** Each party, promptly upon the request of the other or upon the request of any escrow holder, shall execute and have acknowledged and delivered to the other or to escrow holder, as may be appropriate, any and all further instruments reasonably requested or appropriate to evidence or give effect to any of the provisions of this Agreement and which are consistent with the provisions hereof.

d.    **Entire Contract.** The Loan Documents constitute the entire agreement between the parties with respect to the subject matter hereof. All terms and conditions contained in any other writings previously executed by the Parties or oral representations regarding the Property, if any, shall be deemed to be superseded hereby.

e.    **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the respective Parties hereto.

f.    **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California. Any action relating to or arising out of this Agreement shall be filed in the Superior Court of California for the County of Los Angeles.

g.    **Time is of the Essence.** Time is of the essence for this Agreement.

h.    **Commissions.** Each Party warrants and represents to the other that no real estate sales or brokerage commissions or like commissions are or will be due from the other party in connection with this transaction as a result of the act of the party so warranting. Further, each party agrees to indemnify and hold harmless the other party from and against any claims by third parties made as a result of the act of any party so representing, for real estate or brokerage commissions in connection with the transaction provided for herein, and all costs and expenses incurred by the indemnity in connection therewith, including, but not limited to, reasonable attorneys' fees.

i.    **Survival of Covenants, Warranties and Indemnities.** All covenants herein which are intended hereunder to be performed in whole or in part after the Close of Escrow, and all representations, warranties, and indemnities by either party to the other, shall survive the Close of Escrow and be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns for a period of ninety (90) days following the Close of Escrow.

j.    **Attorneys' Fees.** In any action at law or in equity arising out of this Agreement and the transactions contemplated hereunder, the prevailing party shall be entitled to reasonable attorneys' fees and court costs in addition to any other relief to which it may be entitled.

k.    **Joint Instructions.** This Agreement shall also constitute Escrow Instructions to Escrow Holder upon acceptance by Escrow Holder of this Agreement.

{00265343}4

l.      **Confidentiality**.  The parties hereto shall make no public disclosure of the terms of this transaction without the prior written consent of the other, except that the parties may discuss the transaction in confidence with their respective accountants, legal counsel, consultants, proposed joint venturers, investors, or prospective mortgagees.

m.      **Counterparts**.  This Agreement may be executed in any number of identical counterparts, each of which shall be an original, and all of which shall constitute one and the same document.

**The parties hereby indicate by their signatures below that they have read and agree with the terms and conditions of this Agreement in its entirety on the day and year first above written.**

Optionor: Tower Park Properties, LLC

By: _____

Name: CHARLES PICKENS

Title: MANAGING MEMBER

Address: 2555 Strathmore Dr.
          Cumming, GA 30041-7457

Email: _____

Fax: _____

Optionee: Beverly Hills Real Estate Holdings, LLC

By: _____

Name: Victor Franco Noval

Title: Managing Member

Address: 15589 Wells Fargo St
          Hesperia, CA 92345

Email: _____

Fax: _____

(Notarial seal follows)

{00265343}5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**　　　　CIVIL CODE § 1189

State of California

County of ___Los Angeles___ }

On __May 3, 2013__ before me, ___John Berwick, Notary Public___
　　　　Date　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared ___Charles Dickens___
　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

JOHN BERWICK
Commission # 1988838
Notary Public - California
Los Angeles County
My Comm. Expires Aug 27, 2016

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
　　　　　　　　Signature of Notary Public

Place Notary Seal Above

――――――――――― OPTIONAL ―――――――――――

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

| RIGHT THUMBPRINT OF SIGNER |
|---|
| Top of thumb here |

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

| RIGHT THUMBPRINT OF SIGNER |
|---|
| Top of thumb here |

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)　　　Item #5907

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

State of California

County of __Los Angeles__ }

On __May 3, 2013__ before me, __John Berwick Notary Public__

personally appeared __Victor Franco Noval__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

JOHN BERWICK
Commission # 1986838
Notary Public - California
Los Angeles County
My Comm. Expires Aug 27, 2016

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
                         Signature of Notary Public

Place Notary Seal Above

———————— **OPTIONAL** ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

EXHIBIT B

Recording requested by, and
when recorded return to:

Beverly Hills Real Estate Holdings, LLC
1124 Marilyn Drive
Beverly Hills, California 90210

---

Space above line for recorder's use only

## MEMORANDUM OF OPTION

This Memorandum of Option to Purchase Real Property ("Memorandum") is made and entered into by and between **Tower Park Properties, LLC**, a California limited liability company ("Optionor"), and **Beverly Hills Real Estate Holdings,** a California limited liability company ("Optionee") to memorialize the following:

1.  Concurrently with the execution of this Memorandum, Optionor and Optionee entered into an Option to Purchase Real Property (the "Option") for the real property and improvements thereon, located at 1652 North Tower Grove Drive, Los Angeles, California 90210, in the County of Los Angeles, State of California (the "Subject Property"). The legal description of the Subject Property is set forth on Exhibit "A" attached hereto.

2.  The terms and conditions of the Option provide Optionee with an Option to Purchase the entire Subject Property, as more fully described therein. Optionor and Optionee have executed and recorded this Memorandum to provide notice thereof. The price, terms, covenants, and conditions of the Option are incorporated in this Memorandum by reference.

IN WITNESS WHEREOF, Optionor and Optionee have each executed this Memorandum on the dates indicated below, effective as of the last date of execution.

Dated: May 3, 2013

OPTIONOR,    Tower Park Properties, LLC

By: _____

Name: CHARLES DICKENS

Its: _____
(Authorized Person, Member, Manager)

Dated: May 3, 2013

OPTIONEE:    Beverly Hills Real Estate Holdings, LLC

By: _____

Name: Victor Franco Noval

Its: Managing Member

{00265343}7

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _Los Angeles_ }

On _May 3 2013_ before me, _John Berwick, Notary Public,_
Date                                    Here Insert Name and Title of the Officer

personally appeared _Charles Dickens_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**JOHN BERWICK**
Commission # 1966838
Notary Public - California
Los Angeles County
My Comm. Expires Aug 27, 2016

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _John Berwick_
Signature of Notary Public

Place Notary Seal Above

—————————— **OPTIONAL** ——————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

State of California

County of __Los Angeles__ }

On __May 3, 2013__ before me, __John Berwick Notary Public__
         Date                         Here Insert Name and Title of the Officer

personally appeared __Victor Noval__
                                    Name(s) of Signer(s)

JOHN BERWICK
Commission # 1986838
Notary Public - California
Los Angeles County
My Comm. Expires Aug 27, 2016

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: __John Berwick__
                   Signature of Notary Public

Place Notary Seal Above

——— **OPTIONAL** ———

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | | Signer's Name: _____ | |
|---|---|---|---|
| ☐ Corporate Officer — Title(s): _____ | | ☐ Corporate Officer — Title(s): _____ | |
| ☐ Individual | RIGHT THUMBPRINT OF SIGNER | ☐ Individual | RIGHT THUMBPRINT OF SIGNER |
| ☐ Partner — ☐ Limited ☐ General | Top of thumb here | ☐ Partner — ☐ Limited ☐ General | Top of thumb here |
| ☐ Attorney In Fact | | ☐ Attorney In Fact | |
| ☐ Trustee | | ☐ Trustee | |
| ☐ Guardian or Conservator | | ☐ Guardian or Conservator | |
| ☐ Other: _____ | | ☐ Other: _____ | |
| Signer Is Representing: _____ | | Signer Is Representing: _____ | |

© 2010 National Notary Association · NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)                    Item #5907

TPP_PROD_011108
Exhibit ZZ
689

(Authorized Person, Member, Manager)

{00265343}8

TPP_PROD_011109
Exhibit ZZ
690

### EXHIBIT "A" TO MEMORANDUM OF OPTION

**Legal Description**

{00265343}

EXHIBIT C

Grant Deed

**RECORDING REQUESTED BY:**

Beverly Hills Real Estate Holdings, LLC
\124 Marilyn Drive
Beverly Hills, California 90210

**WHEN RECORDED MAIL TO**
**AND MAIL TAX STATEMENTS TO:**

_____

(Above Space For Recorder's Use Only)

APN: _____

**GRANT DEED**

The undersigned grantor declares: Documentary Transfer Tax not shown pursuant to Section 11932 of the Revenue and Taxation Code, as amended

City of Los Angeles
County of Los Angeles

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Tower Park Properties, LLC, a California limited liability company ("**Grantor**"), hereby GRANTS to Beverly Hills Real Estate Holdings, LLC, a California limited liability company ("**Grantee**"), all of Grantor's right, title and interest in and to that certain real property which is more particularly described on Exhibit A attached hereto.

Subject to:

1.    Non-delinquent taxes and assessments;

2.    All other covenants, conditions, and restrictions, reservations, rights, rights of way, easements, encumbrances, liens, in title matters of record or visible from an inspection of the property or which an accurate survey of the property would disclose.

Dated: May 2, 2013                    Tower Park Properties, LLC, a California limited liability company

By: _____
Name: _____ CHARLES DICKENS
Title: _____ MANAGER

{00265343}

Error! Unknown document property
name.

TPP_PROD_011111
Exhibit ZZ
692

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

State of California

County of _Los Angeles_ }

On _May 3, 2013_ before me, _John Berwick, Notary Public,_
        Date                    Here insert Name and Title of the Officer

personally appeared _Charles Dickens_
                    Name(s) of Signer(s)

_____

JOHN BERWICK
Commission # 1985838
Notary Public - California
Los Angeles County
My Comm. Expires Aug 27, 2016

who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the
laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _John Berwick_
                Signature of Notary Public

Place Notary Seal Above

——————————— OPTIONAL ———————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____    Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

## EXHIBIT A

### Legal Description of Property

{00265343}6

Error! Unknown document property
name.

TPP_PROD_011113
Exhibit ZZ
694

## EXHIBIT C

### Certificate of Non-Foreign Status

Section 1445 of the Internal Revenue Code of 1986, as amended, provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. To inform the transferee that withholding of tax is not required upon the disposition of a U.S. real property interest by Tower Park Properties, LLC, a California limited liability company ("Transferor"), the undersigned hereby certifies the following on behalf of the Transferor:

1. Transferor is not a foreign corporation, foreign partnership, foreign trust, foreign estate, or foreign person (as those terms are defined in the Internal Revenue Code and the Income Tax Regulations promulgated thereunder);

2. Transferor's U.S. employer identification number is _26 - 079 - 6935_

3. Transferor's address is: _1124 mArilyn Dr Beverly hills 90210_

4. Transferor is not a disregarded entity as defined in Income Tax Regulations Section 1.1445-2(b)(2)(iii);

5. Transferor understands that this certification may be disclosed to the Internal Revenue Service by the transferee and that any false statement contained herein could be punished by fine, imprisonment, or both.

Under penalties of perjury the undersigned declares that it has examined this certification and to the best of its knowledge and belief it is true, correct and complete, and it further declares that it has authority to sign this document on behalf of Transferor.

Dated: May _3_, 2013

TRANSFEROR:

Tower Park Properties, LLC, a ~~California~~ _Delaware_ limited liability company

By: _[signature]_

Name: _CHARLES DICKENS_

Its: _MANAGER_

{00265343}