Morani Stelmach, Esq. (SBN 296670)
LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. BOX 11480
Beverly Hills, CA  90213
(310) 556-1001 office
(310) 277-3325 facsimile

Limited Appearance Attorneys for Secured Capital Partners, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re:

Secured Capital Partners, LLC,

             Debtor.

Case No.:  2:19-bk-16243-BR

Chapter 11

**OPPOSITION TO MOTION FOR ENTRY OF AN ORDER RECONSIDERING AND VACATING THE ORDER DISMISSING THE DEBTOR'S BANKRUPTCY CASE AND DENIAL OF THE RAINES FELDMAN, LLP EMPLOYMENT APPLICATION ORDER**

Date:  TBD
Time:  TBD
Place:     Courtroom 1668; Judge Russell
           U.S. Bankruptcy Court
           255 E. Temple Street, 16th Floor
           Los Angeles, CA 90012

1

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 4

II. THE MOTION DOES NOT MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION ............................................................................................. 9

   A. The Motion is Procedurally Flawed in Violation of this Court's Local Rules ...... 11

III. RAINES FELDMAN SIMPLY WANTS TO KEEP THE BANKRUPTCY CASE OPEN TO GET PAID ITS CONTINGENCY FEE ....................................................... 12

IV. THE CLAIMS LISTED FOR THE UNSECURED CLAIMS MAY, IN FACT, BE TIME BARRED ..................................................................................................... 13

V. THE FIRM HAS NO STANDING TO REOPEN A BANKRUPTCY ON ITS OWN SO IT CAN COLLECT FEES FROM SCP ................................................................. 15

VI. CONCLUSION ..................................................................................................... 16

# **TABLE OF AUTHORITIES**

**CASES**

*Carroll v. Nakatani*, 342 F.3d 934 (9th Cir. 2003) .................................................................. 9

*Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991) ........................................................ 10

*Hale v. United States Trustee (In re Basham)*, 208 B.R. 926 (B.A.P. 9th Cir. 1997) ......... 9

*In re Dobos,* 603 B.R. 31 (B.A.P. 9th Cir. 2019) .............................................................. 14

*In re Greco*, 113 B.R. 658 (D. Haw. 1990) ....................................................................... 10

*In re Mannie*, 299 B.R. 603 (Bankr. N.D. Cal. 2003) ....................................................... 10

*In re Structurlite Plastics Corp.*, 91 B.R. 813 (Bankr. S.D. Ohio 1988) .......................... 12

*In re Subpoenas Duces Tecum,* 978 F.2d 1159 (9th Cir. 1992) ........................................ 16

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ........................ 10

*Walsh v. Diamond (In re Century City Doctors Hosp., LLC)*, BAP No. CC-09-1235-MkJaD, 2010 WL 6452903 (B.A.P. 9th Cir. Oct. 29, 2010) ......................................... 13

**STATUTES**

Code of Civil Procedure § 337 ........................................................................................... 13

Code of Civil Procedure § 339 ........................................................................................... 13

Rule 59(e) of the Federal Rules of Civil Procedure ............................................................ 9

**RULES**

Local Bankruptcy Rule 9013-4 ........................................................................................... 11

Local District Court Rule 7-18 ....................................................................................... 9, 10

Secured Capital Partners, LLC ("SCP") by and through the Law Firm of Ronald Richards & Associates, APC,[1] hereby opposes the "Notice of Motion and Motion for Entry of An Order Reconsidering and Vacating the Order Dismissing Debtor's Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Hamid R. Rafatjoo in Support Thereof" (the "Motion"), filed by Raines Feldman, LLP (the "Firm"), the former proposed counsel for the Official Committee of Unsecured Creditors (the "Committee") formed in SCP's dismissed chapter 11 case, and represents as follows:

## I. INTRODUCTION

The Motion, filed by an unemployed professional in a dismissed chapter 11 case, not only seeks to vacate the Court's "Order Dismissing Debtor's Bankruptcy Case" (the "Dismissal Order") entered on July 25, 2019 [Docket No. 157], but the "Order Denying Application of the Official Committee of Unsecured Creditors to Approve Employment of Raines Feldman LLP As Counsel *Nunc Pro Tunc* As of June 17, 2019" (the "Employment Denial Order") also entered on July 25, 2019 [Docket No. 154]. Simply stated, however, the Firm, which certainly understood the risks associated with undertaking the representation of the Committee in this highly litigious case, has no legal standing to seek the vacatur of the Dismissal Order and the Employment Denial Order.

Once the Court decided to dismiss the chapter 11 case, it denied the Firm's employment application, as well as the employment applications of numerous other professionals, including three law firms who represented SCP at various stages of the chapter 11 case, on the grounds of mootness. Importantly, the Employment Denial Order was not appealed by the Firm, who not only lacks the requisite standing to seek the relief sought by the Motion, but, as will be explained below, apparently had no authority from its putative clients to even file the Motion.

---

[1] The Law Offices of Ronald Richards & Associates, APC, is appearing specially for the former debtor SCP for the limited purpose of opposing this motion for reconsideration and for no other purpose, as only as an entity can appear through counsel, respectfully.

4

Case 2:19-bk-16243-BR    Doc 175    Filed 08/29/19    Entered 08/29/19 13:39:59    Desc
Main Document    Page 5 of 20

The motivation behind the Motion, therefore, is not as altruistic as the Firm would lead this Court to believe. The Firm did not file the Motion to protect the rights of unsecured creditors - who retain whatever legal rights they have against SCP outside of this Court - but instead filed the Motion to force the liquidation of assets to pay the fees and costs the Firm incurred in this unsuccessful case. SCP, which has no contractual or legal obligation to pay the Firm's fees, should not be forced to go back to chapter 11 simply to provide an avenue for the Firm to satisfy its alleged claim. The fact that not a single creditor filed its own motion or joined in the Firm's Motion underscores that the Firm's agenda is purely self-serving and is meant to punish SCP for the Firm's decision to represent the Committee in this case. All professionals being employed in chapter 11 cases understand the potential risk of non-payment, and the Firm is no different. This does not mean that the unemployed and unpaid professional can, in essence, file a *de facto* involuntary petition (by a non-creditor no less) in order to recover attorneys' fees it is not legally entitled to collect from the former debtor.

This Court dismissed SCP's bankruptcy case, and the order was not appealed. The litigation between SCP and the HIP Parties regarding the Tower Grove property has ended with the HIP Parties foreclosing and securing title to the property. SCP has moved on and is not involved in any litigation with any of its creditors who, as noted, still possess the right to commence the appropriate actions in other forums to collect their alleged debts. There simply is no evidence in the Motion demonstrating that any of SCP's creditors has been harmed. SCP has no interest in further bankruptcy proceedings and has not filed any further pleadings or filed any new legal actions relating to this since the Dismissal Order was entered.

SCP respects the Court's decision dismissing its chapter 11 case and is entitled to peace from a possible forced liquidation of its assets on top of the Firm threatening in other filings that it would request the appointment of a trustee to pay the Firm's fees. SCP took no steps to upset the dismissal decision, which is now final. SCP relied on that

5

decision and moved on.  It would be extremely prejudicial to force SCP to spend more time and money in a bankruptcy case that this Court dismissed because an unemployed professional, which is not a creditor of and has no claim against SCP, is upset with its business decision to represent the Committee.  It would be an abuse of the process and an extremely improper legal basis to reopen and undo a dismissed bankruptcy solely to benefit the Firm.

To provide the Court an update, the Tower Grove property proceeded to sale on August 20, 2019, through a private party state remedy vis-a-vis a non-judicial foreclosure sale.  A trustee's deed upon sale was recorded on August 22, 2019.  On August 23, 2019, the new owner took possession.  This should normally be the end of the story, since the primary business reason for SCP's bankruptcy are now gone forever.  SCP no longer has a possessory or legal interest in the property.  The Tower Park property is in the hands of the lender and there is no valid reason to resurrect this bankruptcy for a law firm who has no standing to make this Motion in the first place for the sole reason and motive is only to recover their legal fees.  Again, SCP wants to move on free form the expense and delays associated with chapter 11.

As a reminder, SCP was not the borrower and had no liability on the underlying debt to the HIP Parties.  SCP spent millions of dollars improving the property that has now been lost and can never be recovered.  SCP also spent hundreds of thousands of dollars on legal fees that has been lost.  There simply is no reason for SCP to be forced to go back in a chapter 11 where the Firm will seek a forced liquidation of SCP's remaining assets simply to pay its fees.

As noted, it is striking that not one of SCP's former proposed attorneys (three of them) filed a motion for reconsideration of this Court's Dismissal Order or denial of their employment applications.  Similarly, none of SCP's creditors individually filed a motion for reconsideration of this Court's Dismissal Order.  The order as to all parties and creditors except for the Firm is final and this matter is closed.  It is telling that not a

6

single creditor or any of the other unemployed professionals believed that forcing SCP back into in chapter 11 would be the best way for them to have their sizable unpaid claims resolved after this Court dismissed SCP's bankruptcy. The entire world of SCP's creditors and professionals have accepted this Court's Dismissal Order. The entire world of SCP's creditors and professionals did not appeal the order. This speaks volumes.

Importantly, there is no declaration from any creditor from the now disbanded Committee that even suggests they approved the filing of the Motion in the first place. The Firm appears to be acting completely on its own, and is using its prior representation of the Committee as a ruse in order to gain sympathy from the Court. Acting alone, the Firm has no standing to make this Motion absent client consent. Furthermore, the Committee is not a true client but, in fact, a statutorily created group of creditors. See 11 U.S.C. § 1102. The disbanded Committee is not a corporate entity, and the Firm cannot unilaterally file motions absent authority of a creditor. Since the Firm was only acting as proposed counsel for the Committee, which has been disbanded, it no longer has a client and, hence, no client consent to seek the relief being requested. The Firm does not even suggest that it was retained independently by any of the members of the Committee to move to reconsider the Court's Dismissal Order or Employment Denial Order.

In fact, this Court already repudiated the Firm's purported standing to intervene in these and ancillary proceedings. As this Court will recall, when the Firm's counsel attempted to appear at a hearing on the HIP Parties' emergency motion in the Tower Park Properties case to discuss the SCP case ten days ago, this Court recognized the standing problem of a Firm who was "proposed" but not formally employed. As such, this Court denied the Firm's attempt to appear in front of it at the August 19, 2019, hearing commenting that "Proposed [counsel] is you haven't been approved, so you really don't have standing, do you?" (See Exhibit "A", page 30.) This Court further noted that the Firm was never employed pursuant to applicable provisions of the Code. This is the same Firm that now seeks the same standing to seek relief in SCP's case.

As mentioned earlier, this Court denied numerous applications to employ counsel and professionals (Docket Nos. 152-156) when dismissing SCP's chapter 11 case. This is the risk professionals take when they take a case without a retainer agreement or an insufficient retainer agreement. In this case, the Firm chose to proceed knowing that its employment was subject to approval of the Court and the compensation of its fees and costs would only occur if there were sufficient funds in the estate. The Firm's employment application reveals that it was aware of the contingency nature of this case, and that the estate, not the Committee members, would be responsible for paying its fees. (See Exhibit "B", Docket No. 67, p. 5).[2] Therefore, it would be patently unfair to expose an entire company to a new bankruptcy simply because the Firm took an enormous credit risk with its eyes wide open. Again, SCP, its creditors, and its professionals have all moved on. The Firm stands alone in seeking this draconian and vindictive relief.

The Firm's Motion is meant solely to reopen the bankruptcy case so it can pursue the recovery of its legal fees against a party who was not even its client, namely, SCP. The Motion seeks to hold SCP responsible for the Firm's failure to secure a retainer or for assuming the credit risks when taking on this case. Once this Court denied the Firm's employment, it lost whatever possible standing it arguably possessed to take any actions due to its limited role and representation. It would be a perverse outcome that a law firm that took a case without a fee agreement, at no charge to its client, and stated that its proposed client would not suffer any fee liability, could disrupt what is a final order to the world.

SCP is confident that this Court will not cater to the Firm's selfish whims. SCP never promised to pay any fees to the Firm and has no obligation to the Firm. The Firm's request would cause severe prejudice and detriment to the silence of the rest of the world

---

[2] The Firm's employment application indicates that the Firm had no retainer agreement with the Committee. The application further states, in paragraph 8, that "[t]he Committee and the Firm do not have a retention agreement and the Firm has not received a retainer. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by RF in its representation of the Committee."

8

who did not seek reconsideration of the Court's Dismissal Order.  Those wishes should be respected.

In sum, the Firm's business decision and its attempt to use this Motion as collection insurance are insufficient grounds for reconsideration of the Dismissal Order or the Employment Denial Order.  The Motion is procedurally flawed, and in violation of the local rules, in that it fails to present the Court with newly discovered evidence supporting reconsideration.  Nor does the Firm cite to any clear error committed by the Court or a change in controlling law, as required by Rule 59(e) of the Federal Rules of Civil Procedure and the Central District Court's analogous Local District Court Rule 7-18.  The Firm simply fails to set forth grounds or facts as to why this Court was incorrect in dismissing SCP's case, and the Motion does not meet the standard for a motion for reconsideration.  The Court should respectfully deny the Motion without further proceedings.

## II. THE MOTION DOES NOT MEET THE STANDARD FOR A MOTION FOR RECONSIDERATION

A motion for reconsideration is governed by Rule 59(e), which is made applicable to these proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure.  *Hale v. United States Trustee (In re Basham)*, 208 B.R. 926, 934 (B.A.P. 9th Cir. 1997), *aff'd sub nom.*, *In re Byrne*, 152 F.3d 924 (9th Cir. 1998).  Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted).  "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*

9

*Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom.*, *Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through - rightly or wrongly" - or to reiterate arguments previously raised.'").

A parallel rule is codified in the District Court's Local Rule 7-18, which addresses motions for reconsideration. Local Rule 7-18 states that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Noticeably absent from the Firm's Motion is any relevant, credible, or admissible evidence warranting reconsideration. The Firm merely states that "…the Court erred when it denied the approval of the Raines Feldman Employment Application - after acknowledging the quality of the services that had been rendered - based on the belief that the Firm would be able to seek payment outside of the bankruptcy process." Not only does the Firm not cite to any transcript or any hearing in which the Court made such an assertion, but the Firm does not cite to any authority to support the contention that the Court made an error. Even if the Firm does not have the ability to seek payment from

SCP directly from SCP, this does not amount to the type of new evidence or manifest error justifying the vacating of the Dismissal Order.

### A. **The Motion is Procedurally Flawed in Violation of this Court's Local Rules**

Aside from the complete lack of evidence warranting the extraordinary relief of reconsideration, the Motion is procedurally defective. The Firm does not lay out the errors committed by the Court in dismissing the bankruptcy as required by the local rules. The Firm relies on Local Bankruptcy Rule 9013-4 stating that it filed this Motion "to prevent manifest injustice and to address certain errors of law and fact that the Committee and the Firm, respectfully, assert that the Court made in granting the Dismissal Motion and denying the application to employ Raines Feldman LLP." See Motion, p. 10, ("…the Committee and the Firm believe that the Court made factual and legal mistakes in its rulings."). However, nowhere in the Motion does the Firm point to any "certain errors of law and fact" as required by Local Rule 9013-4[3].

It is impossible to oppose a motion for a new trial that does not, at a minimum, list the legal errors that were committed by the Court. What were the factual and legal errors committed by the Court? The Firm does not cite to any specific errors by the Court let alone any alleged error justifies reconsidering the Dismissal Order. The bottom line is that the Firm wants the bankruptcy to remain open to get paid by someone other than the people who hired them. The Firm avoids listing any specific errors making precise refutation impossible hoping that no one would notice the lack of specificity as to this Court's purported legal errors.

---

[3] Local Bankruptcy Rule 9013-4(b) states, in pertinent part, "Procedure. (1) Error of Law. If the ground for the motion is error of law occurring at the trial, *the error or errors relied upon must be stated specifically*…." (Emphasis added).

11

### III. RAINES FELDMAN SIMPLY WANTS TO KEEP THE BANKRUPTCY CASE OPEN TO GET PAID ITS CONTINGENCY FEE

Other than the desire to get SCP to pay its legal fees, the Firm does not cite to any reason or grounds to reverse the dismissal of SCP's chapter 11 case. The Firm does not cite to any manifest error of fact or law, and, instead, is hoping this Court holds a grudge against SCP and will bail the Firm out of its own business decision. This hyperbole or appeal to pathos is not a substitute for cogent legal argument pointing out legal errors in this Court's ruling. It is improper to avoid arguing an objective basis to reconsider by substituting in general emotional arguments. The lack of legal reasoning in the Motion is evident and hard to miss.

As mentioned several times earlier, "[e]xperienced bankruptcy counsel, in accepting appointment, realize the existence of a risk that compensation may be foregone if the assets of the estate ultimately prove to be insufficient to pay administrative expenses." *In re Structurlite Plastics Corp.*, 91 B.R. 813, 817 (Bankr. S.D. Ohio 1988). Here, the entire crux of the Firm's Motion is that the Dismissal Order should be reversed because the Court denied the Firm's employment application and the Firm's "only means of getting paid is through the fee application process after its employment has been approved by the Court." What part of the Bankruptcy Code warrants reconsideration due to attorney hardship?

As stated in the Court's August 19, 2019, hearing in the Tower Park Properties case, creditors took the risk when they dealt with the debtor and, similarly, SCP. So did the Firm when it agreed to represent the Committee with full knowledge of the HIP Parties' intent to wrestle control of the primary asset of the estate away from SCP through a motion to dismiss for bad faith. That is just the "nature" of this case. See Exhibit "A", p. 19 ("But in all fairness to [creditors], they took their own risks when dealing with this debtor."). The same analysis is present here.

In sum, the Court is not the Firm's collection agency. It should not accept the Firm's goading and this Court is experienced enough to know that its order dismissing SCP's case was based on sound reasoning and should not be disturbed. There is no authority to support the contention that the Court somehow erred in dismissing the case because now the Firm cannot pursue their legal fees through the bankruptcy. If the Firm has a claim, it can bring it in state court or through some other procedural pathway, but reconsideration is simply untenable under this facts and applicable law.

## IV. THE CLAIMS LISTED FOR THE UNSECURED CLAIMS MAY, IN FACT, BE TIME BARRED

Lastly, the Firm suggests that certain debts, specifically those owed to James Valentine, Levene Neale Bender Yoo & Brill LLP, and Pachulski Stang Ziehl & Jones LLP "constitute[] sufficient evidence for the Court - which, with all due respect, the Court may have overlooked - to grant the Motion and the Employment Reconsideration Motion." See Motion, p. 10; see also Declaration of Rafatjoo, ¶¶ 14-18.[4] The Firm cites to these three unsecured debts (not one who filed a separate motion or joined in the Firm's Motion) as "admissions by the Debtor against its interest" and, thus, support the granting of the Motion.

SCP should be allowed to resolve those claims outside of any bankruptcy process as it already has indicated they are undisputed. A bankruptcy process is actually worse for these potential creditors. This is because these claims may be barred by the statute of limitations for written contracts (Code of Civil Procedure § 337 (four years)) and oral contracts (Code of Civil Procedure § 339 (two years)). The three claims the Firm cites are as follows:

    i.  James Valentine, date debt incurred: July 7, 2009

---

[4] Copies of papers filed in the bankruptcy case are all properly subject to judicial notice. *Walsh v. Diamond (In re Century City Doctors Hosp., LLC)*, BAP No. CC-09-1235-MkJaD, 2010 WL 6452903, at *6 (B.A.P. 9th Cir. Oct. 29, 2010) ("[C]ourt documents filed in an underlying bankruptcy case are subject to judicial notice in related adversary proceedings and district court lawsuits.") (*citing O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989)). The Motion does not address the viability of the underlying claims.

13

        ii. Levene Neale Bender Yoo & Brill LLP, date debt incurred: June 2008

        iii. Pachulski Stang Ziehl & Jones LLP, date debt incurred: November 2014

If another creditor or someone else challenge these claims in bankruptcy versus direct or private resolution, these creditors would have no recourse to pursue their claims if the applicable statute of limitations has expired. Filing a bankruptcy does not resurrect an expired claim. Other parties could challenge those claims even if they are undisputed by SCP. In other words, any creditor which believes it has rights or claims against SCP is free to purse recovery outside the jurisdiction of this Court.

Moreover, recently, this Court (Judge Russell) had its dismissal order affirmed for dismissing a Section 523(a) complaint in *In re Dobos,* 603 B.R. 31, 38 (B.A.P. 9th Cir. 2019). The law cited by the Panel in *Dobos* is applicable by analogy to this case. In *Dobos*, the Panel rejected the argument that if a judgment debtor seeks bankruptcy protection, a California judgment never expires. The Panel found that appellant had no authority for this proposition, and no such authority exists. *Id.*, at 40.

In this case, by analogy, the filing of SCP's bankruptcy does not resurrect claims that are clearly barred by the statute of limitations under state law. There is no evidence in the Motion (and it is too late to seek to provide such evidentiary basis in a reply) that any of these unsecured creditors want their claims pursued in this Court or that they somehow would survive the statute of limitations defense. Just like the bail bondsman in *Dobos,* the filing of SCP's bankruptcy does not resurrect claims that have clearly run. And if these creditors believe otherwise, they are free to commence whatever action they deem necessary in another forum.

The lack of creditor participation illustrates what is improper about the Motion; it fails to present evidence that any of SCP's creditors would be harmed if the Dismissal Order is not vacated. It would be an affront to public policy if the only reason to vacate

the dismissal of SCP's case was to permit a Firm, which assumed the risk of non-payment, was permitted to keep a case alive solely so if could force the liquidation of assets at distressed values to recoup its unpaid fees.

SCP should not be forced to incur the expense or immense economic harm that would result from the granting of this Motion. The Motion simply fails to set forth any admissible evidence supporting an equitable ruling vacating the Dismissal Order. Nor does the Motion demonstrate how public policy would be served by allowing an unemployed professional, with no direct claims against a debtor, to force the debtor to remain in chapter 11 so a trustee can be appointed to liquidate its assets so the professional can be paid.

Since the Court dismissed the case, and the main asset was sold and possession was retaken by the HIP Parties, SCP's desire to deal with all of its creditors (to the extent they have legally tenable claims) should be considered by this Court before it undertakes the drastic step of vacating its Dismissal Order. Granting the Motion would force SCP into even more litigation which SCP does not seek to pursue or defend in this Court or in any bankruptcy related context. SCP and its creditors have moved on, and the Firm must do the same.

## V.  THE FIRM HAS NO STANDING TO REOPEN A BANKRUPTCY ON ITS OWN SO IT CAN COLLECT FEES FROM SCP

As highlighted numerous times, the Firm has no standing to make this Motion. As such, this Court denied the Firm's attempt to appear at the August 19, 2019, Tower Park Properties hearing, commenting that "Proposed [counsel] is you haven't been approved, so you really don't have standing, do you?" See Exhibit "A", p. 30. This Court noted that the Firm was not approved, which certainly cannot be disputed. The firm which was precluded from making an appearance on August 19 is the same firm which filed this Motion. For similar reasons, the Court cannot permit an unemployed professional, who

15

possesses no claim and is not a creditor of SCP from seeking to vacate the Dismissal Order.

SCP understands that the Firm's client did not authorize or join in the Motion. In fact, the Motion fails to include a declaration from any unsecured creditor. As this Court knows, a law firm cannot act independently from its client. Although Mr. Rafatjoo proffered his own declaration, which contains numerous inadmissible opinions and argument but no admissible facts, absent is the authorization from his now disbanded and former client to even file this Motion. Evidentiary objections were also filed to Mr. Rafatjoo's declaration. If a creditor truly believed there were sufficient grounds to reconsider the Dismissal Order (which clearly there are not) and this was its only remedy to seek recovery, then it could have filed a Rule 59(e) motion. The disbanded Committee does not have independent corporate status and is no longer a viable entity. A committee is intended to be a partisan representative of the different interests and concerns of the creditors, and its primary function is to advise creditors of their rights and proper course of conduct in the bankruptcy proceedings. *In re Subpoenas Duces Tecum,* 978 F.2d 1159, 1161 (9th Cir. 1992).

While a committee, with a court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee" pursuant to Section 1103(a), the Court never approved the Firm's application for employment and the Committee no longer exists. As such, the Firm is not authorized to perform services on the disbanded Committee's behalf. The Firm has no client in this case and, standing alone, cannot demonstrate the requirements warranting the extraordinary relief it now seeks.

### VI. CONCLUSION

For the foregoing reasons, Secured Capital Partners, LLC respectfully requests that the Court deny the Motion in all respects, and for such other and further relief as the Courts deems appropriate under the circumstances.

16

Respectfully submitted,

LAW OFFICE OF RONALD RICHARDS &
ASSOCIATES, A.P.C.

/s/ Morani Stelmach

Dated: August 29, 2019          By: _____

Morani Stelmach, Esq.

Attorneys for Secured Capital Partners, LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC
PO BOX 11480, Beverly Hills, CA 90213

A true and correct copy of the foregoing document entitled (specify):

**OPPOSITION TO MOTION FOR ENTRY OF AN ORDER RECONSIDERING AND VACATING THE ORDER DISMISSING THE DEBTOR'S BANKRUPTCY CASE**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8-29-19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael E Bubman on behalf of Interested Party Courtesy NEF
mbubman@mbnlawyers.com, aacosta@mbnlawyers.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, stephanie@lnbyb.com

Allan Herzlich on behalf of Interested Party Freeman, Freeman & Smiley, LLP
allan@herzlich-blum.com

James Andrew Hinds, Jr on behalf of Interested Party Courtesy NEF
jhinds@jhindslaw.com, mduran@jhindslaw.com

Robbin L. Itkin on behalf of Debtor Secured Capital Partners, LLC
robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com

Daniel A Lev on behalf of Debtor Secured Capital Partners, LLC
dlev@sulmeyerlaw.com,

asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

James D Lipschultz on behalf of Creditor Brightview Landscape Development
jlipschultz@landslawyers.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

J. Barrett Marum on behalf of Creditor WVM Holdings, LLC
bmarum@sheppardmullin.com, egarcia@sheppardmullin.com

John W Mills, III on behalf of Creditor Brightview Landscape Development
jmills@taylorenglish.com, mwilson@taylorenglish.com;bjones@taylorenglish.com

Kathy Bazoian Phelps on behalf of Interested Party Courtesy NEF
kphelps@diamondmccarthy.com, philip.dobbs@diamondmccarthy.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Justin E Rawlins on behalf of Creditor Hughes Investment Partnership LLC
jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Justin E Rawlins on behalf of Creditor MH Holdings II H, LLC
jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Ronald N Richards on behalf of Debtor Secured Capital Partners, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

David M Riley on behalf of Debtor Secured Capital Partners, LLC
david.riley@dlapiper.com, david-riley-8770@ecf.pacerpro.com

Victor A Sahn on behalf of Debtor Secured Capital Partners, LLC
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Steven A. Sokol on behalf of Interested Party Courtesy NEF

sokolesq@gmail.com, sokolesq@earthlink.net

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

2. SERVED BY UNITED STATES MAIL:
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 29, 2019                                              /s Morani Stelmach, Esq.
                                                             Morani Stelmach, Esq.