**WINSTON & STRAWN LLP**
Rolf S. Woolner (SBN: 143127)
rwoolner@winston.com
Justin E. Rawlins (SBN: 209915)
jrawlins@winston.com
Scott J. Fishwick (SBN: 308661)
sfishwick@winston.com
Aaron M. Gober-Sims (SBN: 325544)
agobersims@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:    (213) 615-1700
Facsimile:    (213) 615-1750

Counsel for Hughes Investment Partnership, LLC
and MH Holdings II H, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Secured Capital Partners, LLC,<br><br>　　　　　　Debtor. | Case No. 2:19-bk-16243-BR<br><br>Chapter 11<br><br>**OPPOSITION OF HUGHES INVESTMENT PARTNERSHIP, LLC AND MH HOLDINGS II H, LLC TO MOTION FOR ENTRY OF AN ORDER RECONSIDERING AND VACATING THE ORDER DISMISSING DEBTOR'S BANKRUPTCY CASE**<br><br>Date:　　TBD<br>Time:　　TBD<br>Place:　　Courtroom 1668; Judge Russell<br>　　　　　U.S. Bankruptcy Court<br>　　　　　255 E. Temple Street, 16th Floor<br>　　　　　Los Angeles, CA 90012 |

Hughes Investment Partnership, LLC ("**HIP**") and MH Holdings II H, LLC ("**MH II**" and, together with HIP, the "**Lenders**") file this opposition to the *Motion for Entry of an Order Reconsidering and Vacating the Order Dismissing Debtor's Bankruptcy Case* [Docket No. 168] (the "**Reconsideration Motion**") filed by (i) the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned chapter 11 case of Secured Capital Partners, LLC ("**SCP**" or the "**Debtor**") and (ii) the Committee's proposed counsel, Raines Feldman LLP ("**Raines Feldman**" and, together with the Committee, the "**Movants**"). In support of this Opposition, the Lenders respectfully state as follows:

## I.    THE MOVANTS HAVE NOT MET THE STANDARDS FOR RECONSIDERATION

Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") makes Federal Rule of Civil Procedure 59 (the "**Federal Rules**") applicable to bankruptcy cases. In this Circuit, "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 9013-4(a) of the Local Rules for the Bankruptcy Court of the Central District of California provides additional items that Courts may consider in the context of considering a motion for reconsideration, but none of those factors are relevant here.

Similarly, Bankruptcy Rule 9024 makes Federal Rule 60 applicable to bankruptcy cases. In this Circuit, "[a] motion … [for] reconsideration … should not be granted unless it is based on one or all of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law." *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003).

Motions for reconsideration under Federal Rules 59 and 60 are extreme remedies. *See Herron*,

1 634 F.3d at 1111 ("amending a judgment after its entry [is] an extraordinary remedy which should be
2 used sparingly.") (quotations omitted); *In re Gonzalez*, No. 15-25283, 2019 WL 1495729, at *2
3 (Bankr. C.D. Cal. March 29, 2019) ("[i]t has generally been held that a Rule 60(b) motion, at least in
4 the context of bankruptcy cases, is an extraordinary remedy and that the grant or denial of such motion
5 may be reviewed only for an abuse of discretion."). With respect to reconsideration to avoid manifest
6 injustice, this Court has held that Federal Rule 60(b)(6) "is used sparingly as an equitable remedy to
7 prevent manifest injustice and is to be used only where **extraordinary circumstances prevent a**
8 **party from taking timely action to prevent or correct an erroneous judgment**." *In re Sarkis*
9 *Investments Company, LLC*, No. 13-29180, 2019 WL 2896138, at *18 (Bankr. C.D. Cal. May 14,
10 2019) (emphasis added).

11 The Movants argue that the Court should grant the Reconsideration Motion because (i) "Raines
12 Feldman does not have an engagement agreement with the Debtor and its only means of getting paid
13 is through the fee application process after its employment has been approved by the Court", (ii) the
14 Court was unwilling to hear oral arguments on the Committee's application to retain Raines Feldman
15 and (iii) "[i]f the Court does not grant the [Reconsideration Motion], the Debtor will receive a
16 tremendous windfall at the expense of its general unsecured trade creditors, the various professionals
17 that provided services to the Debtor and TPP over the last few years, and the professionals that sought
18 employment in the Debtor's case." *See* Reconsideration Motion at 6:14-16; 7:1-3; 10:3-8.

19 None of these reasons establish manifest error or manifest injustice. No new law or new facts
20 have been introduced, and this Court considered the Debtor's ability to satisfy creditor claims,
21 including those that the Debtor assumed, regardless of the dismissal of the bankruptcy case. With
22 respect to authorizing the Committee's employment of Raines Feldman or paying of Raines Feldman's

fees, neither reason establishes a basis for reconsidering dismissal of the bankruptcy case.  This Court correctly ruled on dismissal and nothing has been presented that warrants reconsideration.

Dated:  August 29, 2019

                                        WINSTON & STRAWN LLP

By:  /s/ Justin E. Rawlins
      Rolf S. Woolner
      Justin E. Rawlins
      Scott J. Fishwick
      Aaron M. Gober-Sims

      Counsel for Hughes Investment Partnership, LLC and MH Holdings II H, LLC