Morani Stelmach, Esq. (SBN 296670)
LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. BOX 11480
Beverly Hills, CA 90213
(310) 556-1001 office
(310) 277-3325 facsimile

Limited Appearance Attorneys for SECURED CAPITAL PARTNERS, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

Secured Capital Partners, LLC,

Debtor.

Case No.: 2:19-bk-16243-BR

CHAPTER 11

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF HAMID R. RAFATJOO IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER RECONSIDERING AND VACATING THE ORDER DISMISSING THE DEBTOR'S BANKRUPTCY CASE AND DENIAL OF THE RAINES FELDMAN, LLP EMPLOYMENT APPLICATION ORDER**

Date: TBD
Time: TBD
Place: Courtroom 1668; Judge Russell
U.S. Bankruptcy Court
255 E. Temple Street, 16th Floor
Los Angeles, CA 90012

Secured Capital Partners, LLC ("SCP") by and through the Law Firm of Ronald Richards & Associates, APC, who appears for the limited purpose on this dismissed case of opposing this motion for reconsideration and for no other purpose, as only as an entity can appear through counsel, respectfully, hereby objects to the declaration of Hamid R. Rafatjoo ("Rafatjoo declaration") in support of the motion for an order reconsidering and vacating the Court's Order Dismissing Debtor's Bankruptcy Case (the "Motion") [Docket 168] filed by the Official Committee of Unsecured Creditors (the "Committee"), by and through (and including) its proposed counsel, Raines Feldman, LLP (the "Firm") as well as its Motion to reconsider the denial of the employment application. [Docket 154].

The paragraphs enumerated below are devoid of the detail normally expected in competent, truthful testimony and, indeed, are nothing more than a reiteration of the motion filed by the Firm. Since declarations are a form of evidence, they must comply with all the rules of evidence. The Rafatjoo declaration does not comply with the rules of evidence and therefore SCP objects to the same and these objections should be respectfully sustained.

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF HAMID R. RAFATJOO**

Declarations (1) must be based on personal knowledge, (2) set forth facts admissible into evidence, and (3) show affirmatively that the affiant is competent to testify regarding the matters stated in the affidavit. (*United States v. Dibble* 429 F.2d 598 (9th Cir. 1970).) "[M]ore is required from an affiant than mere hearsay and legal conclusion." (*Doff v. Brunswick Corporation* 372 F.2d 801, 804 (9th Cir. 1967), cert. denied 389 U.S. 820 (1967).) Here, the Rafatjoo declaration is without probative value and is replete with hearsay, lack of foundation, and legal conclusions and arguments. SCP's specific objections are as follows:

1. Rafatjoo Decl., 13:1-10. "In ruling on the Raines Feldman Employment Application, the Court assumed that the Firm would be able to get paid outside of

the bankruptcy. Because the Firm represents the Committee, the Firm does not have an engagement agreement with the Debtor and its only means of getting paid is through the fee application process after its employment has been approved by the Court. Thus, with all due respect, the Court erred when it denied the approval of the Raines Feldman Employment Application—after acknowledging the quality of the services that had been rendered- based on the belief that the Firm would be able to seek payment outside of the bankruptcy process. That is simply not the case. The law and the facts do not support the Court's ruling."

a. Objection: Fed. R. Evid. 401, 402, 403, 602, 901. The statement is irrelevant, argumentative, speculative, lacks foundation, is not within the declarant's personal knowledge.

2. Rafatjoo Decl., 13:11-13. "The Court's unwillingness to hear oral arguments on the Raines Feldman Employment Application so that the above issues could be addressed and the resulting ruling create manifest injustice."

a. Objection: Fed. R. Evid. 602, 701, 901. Speculative. Conclusory, fails to provide a basis in verifiable facts. The declarant's asserted beliefs, opinions and conclusions are not competent evidence.

3. Rafatjoo Decl., 14:2-9. "The Debtor's estate—even without the Beverly Hills Property—has sufficient assets to pay such fees and result in a material (if not full) payment to the general unsecured creditors. If the Debtor's actions before this Court have been so vehement as to warrant dismissal of the case, why punish the professionals and the general unsecured creditors? The failure to grant this Motion and the Employment Reconsideration Motion will inure only to the benefit of the Debtor—and will only serve to punish every single general unsecured creditor in this case. There is no basis in law to support such an unjust result."

a. Objections: Fed. R. Evid. 602, 701, 901. Speculative. Conclusory, fails to provide a basis in verifiable facts. The declarant's asserted beliefs, opinions and conclusions are not competent evidence.

4. Rafatjoo Decl., 14:10-12. "The Debtor's schedules of assets and liabilities and amendments (collectively the "Schedules") thereto provide prima facie evidence of the validity of the claims and insolvency of the Debtor."

a. Objection: Fed. R. Evid. 401, 402, 403, 602, 901. The statement is irrelevant, argumentative, speculative, lacks foundation, is not within the declarant's personal knowledge.

5. Rafatjoo Decl., 15:6-12. "The Schedules provide sufficient evidence that the Debtor has generally not been paying debts as they became due. The Schedules identify certain debts as having been incurred years ago, which based on the type of debt and the Court's familiarity with the history of this case, demonstrate that the Debtor has not been paying its debts as they become due. There was no evidence or even allegation to the contrary (i.e., no party asserted that the Debtor was or is paying its debts as they become due)."

a. Objection: Fed. R. Evid. 602, 701, 901. Speculative. Conclusory, fails to provide a basis in verifiable facts. The declarant's asserted beliefs, opinions and conclusions are not competent evidence.

6. Rafatjoo Decl., 16:1-5. "The Schedules are admissions by the Debtor against its interest. The Committee and the Firm believe that the foregoing constitutes sufficient evidence for the Court—which, with all due respect, the Court may have overlooked—to grant the Motion and the Employment Reconsideration Motion."

b. Objection: Fed. R. Evid. 602, 701, 901. Speculative. Conclusory, fails to provide a basis in verifiable facts. The declarant's asserted beliefs, opinions and conclusions are not competent evidence.

7. Rafatjoo Decl., 16:6-11. "If the Court does not grant the Motion and the Employment Reconsideration Motion, the Debtor will receive a tremendous windfall at the expense of the general unsecured trade creditors, the various professionals that provided services to the Debtor and TPP over the last few years, and the professionals that sought employment in the Debtor's case. As a court of equity, this Court should not allow such a result. Why allow this to happen when the Court has the authority to reinstate this case and allow the general unsecured creditors to be paid?"
    a. Objection: Fed. R. Evid. 602, 701, 901. Speculative. Conclusory, fails to provide a basis in verifiable facts. The declarant's asserted beliefs, opinions and conclusions are not competent evidence.
8. Rafatjoo Decl., 16:18-27. "The Committee and the Firm believe that the Court's ruling unjustifiably and unnecessarily damaged the general unsecured creditors and the professionals. The Hughes Parties with their vast resources and properly perfected secured liens have been involved in litigation with the Debtor (and its predecessor) for over a decade in an attempt to get paid or foreclose on their collateral. In ruling, the Court (with all due respect) failed to adequately consider what the general unsecured creditors—who do not have the same financial resources as the Hughes Parties or liens— are supposed to do to compel the Debtor to pay their debt especially when the Debtor stands to lose its largest asset to foreclosure and will not have the same perceived assets available to it to pay claims. Absent oversight from this Court, the Debtor will unleash epic battles (or engage in other shenanigans) in order to avoid paying the general unsecured creditors."
    b. Objection: Fed. R. Evid. 401, 402, 403, 602, 901. The statement is irrelevant, argumentative, speculative, lacks foundation, is not within the declarant's personal knowledge.

9. Rafatjoo Decl., 17:1-6. "Less severe remedies were and are available to the Court. The Court could have lifted the automatic stay to allow the Hughes Parties to foreclose while maintaining the bankruptcy case. The Court could have appointed a chapter 11 trustee. It appears the Court did not properly weigh (or appreciate) the detriment to creditors of the Debtor (other than the Hughes Parties) when deciding to dismiss the case rather than determining a less severe option under §1112(b) was warranted."

   c. Objection: Fed. R. Evid. 401, 402, 403, 602, 901. The statement is irrelevant, argumentative, speculative, lacks foundation, is not within the declarant's personal knowledge.

**WHEREFORE** SCP respectfully requests that its evidentiary objections be sustained.

Respectfully submitted,

LAW OFFICE OF RONALD RICHARDS & ASSOCIATES, A.P.C.

/s/ Morani Stelmach

Dated: August 29, 2019 By: ______________________________

Morani Stelmach, Esq.
Attorneys for Secured Capital Partners, LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC
PO BOX 11480, Beverly Hills, CA 90213

A true and correct copy of the foregoing document entitled (specify):

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF HAMID R. RAFATJOO IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER RECONSIDERING AND VACATING THE ORDER DISMISSING THE DEBTOR'S BANKRUPTCY CASE AND DENIAL OF THE RAINES FELDMAN, LLP EMPLOYMENT APPLICATION ORDER**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 8-29-19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan on behalf of Interested Party Courtesy NEF
eric@eblawfirm.us, G63723@notify.cincompass.com

Michael E Bubman on behalf of Interested Party Courtesy NEF
mbubman@mbnlawyers.com, aacosta@mbnlawyers.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, stephanie@lnbyb.com

Allan Herzlich on behalf of Interested Party Freeman, Freeman & Smiley, LLP
allan@herzlich-blum.com

James Andrew Hinds, Jr on behalf of Interested Party Courtesy NEF
jhinds@jhindslaw.com, mduran@jhindslaw.com

Robbin L. Itkin on behalf of Debtor Secured Capital Partners, LLC
robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com;robbin-itkin-6765@ecf.pacerpro.com

Daniel A Lev on behalf of Debtor Secured Capital Partners, LLC
dlev@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

James D Lipschultz on behalf of Creditor Brightview Landscape Development
jlipschultz@landslawyers.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

J. Barrett Marum on behalf of Creditor WVM Holdings, LLC
bmarum@sheppardmullin.com, egarcia@sheppardmullin.com

John W Mills, III on behalf of Creditor Brightview Landscape Development
jmills@taylorenglish.com, mwilson@taylorenglish.com;bjones@taylorenglish.com

Kathy Bazoian Phelps on behalf of Interested Party Courtesy NEF
kphelps@diamondmccarthy.com, philip.dobbs@diamondmccarthy.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Justin E Rawlins on behalf of Creditor Hughes Investment Partnership LLC
jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Justin E Rawlins on behalf of Creditor MH Holdings II H, LLC
jrawlins@winston.com, docketla@winston.com;justin-rawlins-0284@ecf.pacerpro.com

Ronald N Richards on behalf of Debtor Secured Capital Partners, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

David M Riley on behalf of Debtor Secured Capital Partners, LLC
david.riley@dlapiper.com, david-riley-8770@ecf.pacerpro.com

Victor A Sahn on behalf of Debtor Secured Capital Partners, LLC
vsahn@sulmeyerlaw.com,
agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;asokolowski@sulmeyerlaw.com;vsahn@ecf.inforuptcy.com

Steven A. Sokol on behalf of Interested Party Courtesy NEF
sokolesq@gmail.com, sokolesq@earthlink.net

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

2. SERVED BY UNITED STATES MAIL:
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 29, 2019 /s Morani Stelmach, Esq.
Morani Stelmach, Esq.